IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allen Rainey,<br><br>Plaintiff,<br>v.<br><br>Russel Barlow, Attorney Chelsey Faith Marto,<br><br>Defendants. | C/A No. 9:25-cv-12384-JFA-MHC<br><br><br>**ORDER** |

Christopher Allen Rainey, ("Plaintiff"), proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

The Magistrate Judge assigned to this action conducted a review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation[1] ("Report"). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal because Defendant Russel Barlow is entitled to absolute immunity; Defendant Chelsey Faith Marto is not a State Actor; and the requested relief is better suited for a habeas action rather than one

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

brought pursuant to § 1983. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 7).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 11, 2025. *Id.* The Magistrate Judge required Plaintiff to file objections by December 29, 2025. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 7). Consequently, this action is dismissed without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

January 15, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge